**Sumner L. FELDBERG et al.**

v.

**Thomas B. O'CONNELL et al.**

**Civ. A. No. 71–1159.**

United States District Court,
D. Massachusetts.

March 2, 1972.

Gael Mahony, Peter Hoe Burling, Boston, Mass., for Sumner L. Feldberg and others.

William F. Looney, Stephen Moulton, Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., for Thomas B. O'Connell and others.

Thomas G. Dignan, Jr., Ropes & Gray, Boston, Mass., for defendant Chicago Bears Football Club.

H. Erik Lund, Burns & Levinson, Boston, Mass., for defendant Meahl, McNamara & Co.

## MEMORANDUM OF OPINION ON MOTION OF DEFENDANT MEAHL, McNAMARA & CO. TO DISMISS

FRANCIS J. W. FORD, District Judge.

Plaintiffs in this action are a group of limited partners in defendant Capital Management Associates who seek relief here on the basis of various illegal and fraudulent actions or acts of mismanagement alleged to have been committed by various defendants.

Count Six of the complaint is brought against defendant Meahl, McNamara & Co. under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b–5. It is alleged that defendant, an accounting firm, prepared an auditors' report of the condition of Capital Management Associates as of December 31, 1968, that the financial statements attached to this report and certified by the defendants contained untrue statements of material fact as to the market value and marketability of certain securities owned by Capital Management Associates, and that plaintiffs were thereby misled as to the true financial condition of the partnership and, as a result, refrained, to their loss, from taking immediate steps to dissolve the partnership and convert their partnership investments to cash.

Count Eleven asserts against the same defendant claims under state law based on fraudulent misrepresentation and concealment and on negligence and is brought in this Court under the principles of pendent jurisdiction.

Defendant Meahl, McNamara & Co. moves to dismiss the complaint as to Counts Six and Eleven.[1]

---

1. Defendant's contention as to Count Eleven is solely that since it is brought solely on the theory of pendant jurisdiction, it should be dismissed if Count Six, on which it depends, is dismissed.

■ The first ground for dismissal is that defendant is a partnership and that the action should be brought against the individual partners and not against the partnership as an entity. However, since Count Six sets forth a claim based on a law of the United States, the partnership as such may be sued in its common name in this Court, even though it may have no capacity to be sued as such under Massachusetts law, Rule 17(b)(1), Federal Rules of Civil Procedure.

■ Defendant further contends that Count Six fails to state a claim upon which relief can be granted under § 10(b) of the Act and Rule 10b–5. Rule 10b–5, as relevant here, provides:

"It shall be unlawful for any person, directly or indirectly . . .

"(2) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading

. . . .

in connection with the purchase or sale of any security."

Defendant, for purposes of this motion, does not dispute the contention that plaintiffs' limited partnership interests constituted securities. However, it does contend that since it appears from the complaint that plaintiffs did not take any steps to liquidate their partnership interests, there has been no *sale* of a security within the meaning of Rule 10b–5, and further appears to contend that even if plaintiffs had brought about a dissolution of the partnership, this would not have been a sale of their interests.

A sale has been defined in § 3(a)(14) of the Act, 15 U.S.C. § 78(c) to "include any contract to sell or otherwise dispose of". The term, "sale", in 10(b) has been broadly interpreted by the courts to include issuance of stock by a corporation, Ruckle v. Roto American Corp., 2 Cir., 339 F.2d 24; exchange of stock in connection with a merger, Mader v. Armel, 6 Cir., 402 F.2d 158;

redemption of stock by a corporation, Voege v. American Sumatra Tobacco Corp., D.C., 241 F.Supp. 369, and to corporate liquidations, Didley v. Southeastern Factor and Finance Corp., 5 Cir., 446 F.2d 303. In the light of this broad interpretation, the conversion of plaintiffs' partnership interests through dissolution of the partnership into cash would clearly constitute a sale of a security within the meaning of Rule 10b–5.

Defendant relies on Iroquois Industries, Inc. v. Syracuse China Corp., 2 Cir., 417 F.2d 963, and Birnbaum v. Newport Steel Corp., 2 Cir., 193 F.2d 461, as authority for the proposition that an action based on Rule 10b–5 may be maintained only by one who has actually purchased or sold securities. But it does not appear that in every case the sales transaction must have actually been consummated. In Vine v. Beneficial Finance Co., 2 Cir., 374 F.2d 627, plaintiff, a minority shareholder, still had his shares in a corporation which had become defunct through an allegedly fraudulently induced merger, placing him in a position where he was forced to dispose of his stock by surrendering it for the price the corporation offered him or a price determined by an appraisal proceeding. Since he was thus in the situation of being forced to sell in order to realize any value from his stock, it was held that he had standing to sue under Rule 10b–5. See also Crane Co. v. Westinghouse Air Brake Co., 2 Cir., 419 F.2d 787.

The complaint further alleges, in paragraph thirty-six (36), that on November 25, 1969, subsequent to the auditors' report referred to in Count Six, defendant O'Connell, the managing partner and sole general partner of Capital Management Associates, informed plaintiffs that the majority of the partners had decided to withdraw and that the partnership would therefore be liquidated. Apparently, this liquidation had not been fully carried out, at least as of the date of the filing of the complaint. However, this move by other partners to liquidate the partnership clearly estab-

lishes the plaintiffs as forced sellers with standing to bring this action.

Moreover, taking their allegations to be true, plaintiffs are in the position of being forced to suffer a loss through this forced sale, after having been induced by defendants' false statements to refrain at an earlier date from exercising their right to seek dissolution of the partnership. As such, they are entitled to recover under Rule 10b–5 for the loss caused by a fraudulently induced delay in liquidating their interests in the partnership. Stockwell v. Reynolds & Co., D.C., 252 F.Supp. 215.

The motion of defendant Meahl, McNamara & Co. to dismiss as to Counts Six and Eleven is denied.